UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI KUMAR SINGH, | Case No. 1:21-cv-00139-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED |
| v. | |
| CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, | (ECF No. 1) |
| Defendant. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |
| | ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Ravi Singh ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on February 3, 2021. (ECF No. 1). The complaint is before this Court for screening.

For the following reasons, the Court will recommend that this action be dismissed. Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may

also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that the action or appeal fails to state a claim upon which relief may be granted."

28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

(quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting

this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts

"are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges as follows in his complaint:

On October 23, at Plaintiff's place of employment, an officer notified Plaintiff that his

test for COVID-19 came back positive.  Due to this Plaintiff was sent back to his cell while

entering block 4 D-yard at California Substance Abuse Treatment Facility ("SATF").  An

officer informed Plaintiff that he was being placed on quarantine, and told Plaintiff to pack up

his belongings because he was getting moved to C-yard (which was a quarantine block).

Numerous times Plaintiff inquired about moving to be quarantined for the safety of his

2

cellmate, Jack Espino, because Espino's results came back negative.  However, Plaintiff was left in his cell for two more days before moving.  After Plaintiff was transferred to a quarantine block Espino was forced to be housed with another inmate that was positive for COVID-19.  This is one of many examples of medical negligence, and is the basis of Plaintiff's claim.

Plaintiff states that he wants to "be financially compensated due to medical negligence and emotionall [sic] duress."

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

A. Standing

Plaintiff is bringing this complaint based on the harm suffered by his cellmate, who was put in a cell with two different inmates who tested positive for COVID-19.  Thus, the Court first looks to whether Plaintiff may bring a case for harm to another person.

"Standing doctrine involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise."  Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp., 471 F.3d 1100, 1103 (9th Cir. 2006) (internal quotation marks omitted) (quoting Kowalski v. Tesmer, 543 U.S. 125, 128-29 (2004).

 "The constitutional aspect inquires whether the plaintiff has made out a case or controversy between himself and the defendant within the meaning of Art[icle] III by demonstrating a sufficient personal stake in the outcome."  Fleck, 471 F.3d at 1103 (9th Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975))).  To satisfy constitutional standing requirements, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000).

"The prudential limitations, in contrast, restrict the grounds a plaintiff may put forward in seeking to vindicate his personal stake."  Fleck, 471 F.3d at 1104 (citing Warth, 422 U.S. at 499.  Under these prudential limitations, "a litigant must normally assert his own legal interests

rather than those of third parties."  Id. (citing Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985)).

Here, Plaintiff has not alleged that he suffered an injury.  Instead, Plaintiff appears to be suing based on an injury to his cellmate.  Accordingly, Plaintiff lacks standing to bring this action.

### B.  Jurisdiction

It appears that Plaintiff is only asserting state law claims.  However, Plaintiff does not allege that the Court has diversity jurisdiction over the action, and Plaintiff is suing the California State Prison where he currently resides.  Thus, it appears that the Court does not have diversity jurisdiction.  28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States….").

Additionally, as it appears that Plaintiff is only asserting state law claims and as the Court does not have diversity jurisdiction, the Court does not have supplemental jurisdiction either.  28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Accordingly, the Court does not have jurisdiction over this action.

### C.  Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their individual capacities.  Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).  Additionally, the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  Ex Parte Young, 209 U.S. 123, 155-56 (1908); Will v.

1   Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989); Kentucky v. Graham, 473 U.S.

2   159, 167 n.14 (1985); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007).

3   　　　"California prisons are entitled to Eleventh Amendment immunity."  Lopez v. Wasco

4   State Prison, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing Keel v. California

5   Dep't of Corr. & Rehabilition, 2006 WL 1523121, at *2 (E.D. Cal. May 30, 2006), report and

6   recommendation adopted sub nom. Keel v. CDCR, 2006 WL 2501527 (E.D. Cal. Aug. 28,

7   2006)).

8   　　　Plaintiff is only seeking money damages, and SATF is the only named defendant.  As

9   SATF is a state agency, it is entitled to Eleventh Amendment immunity.

10   　　　**IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER**

11   　　　The Court has screened the complaint and finds that it should be dismissed for the

12   reasons described in this order.

13   　　　The Court does not recommend granting Plaintiff leave to amend.  Among other issues,

14   Plaintiff's allegations stem from harm done to another person, and Plaintiff lacks standing to

15   pursue such a claim.  Accordingly, leave to amend would be futile.  The Court notes that it is

16   only dismissing Plaintiff's claim based on his allegations that his cellmate was exposed to

17   COVID-19.  If Plaintiff has a claim based on an injury to himself, he may bring a separate

18   action based on that claim.

19   　　　Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

20   　　　1.　　This action be dismissed; and

21   　　　2.　　The Clerk of Court be directed to close the case.

22   　　　These findings and recommendations will be submitted to the United States district

23   judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

24   twenty-one (21) days after being served with these findings and recommendations, Plaintiff

25   may file written objections with the Court.  The document should be captioned "Objections to

26   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

27   objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

28   Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

(9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **March 12, 2021**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

6