UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI KUMAR SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY,<br><br>    Defendant. | No. 1:21-cv-00139-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; AND DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(Doc. Nos. 1, 11, 13) |

    Ravi Singh ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 15, 2021, the assigned magistrate judge screened plaintiff's complaint and entered findings and recommendations, recommending that "[t]his action be dismissed" and that "[t]he Clerk of Court be directed to close the case." (Doc. No. 11 at 5.) The magistrate judge's reasoning was based in large part on the fact that plaintiff's complaint, which generally alleged medical negligence, did not allege how *plaintiff* was harmed by that alleged negligence, but instead asserted potential harm to a third party, namely plaintiff's cellmate. (*See generally* Doc. No. 11.)

/////

1

Plaintiff was provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections, along with a motion for appointment of *pro bono* counsel, on March 29, 2021. (Doc. Nos. 12, 13.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis in almost all respects. Plaintiff does not take issue with the reasoning contained within the findings and recommendations; rather, in his objections, plaintiff argues that he did not mean to assert claims on behalf of his cellmate but rather that he was providing an example of medical negligence. (Doc. No. 12.) Plaintiff indicates that his real concern is that he was forced to work during the COVID-19 pandemic, even though he already had health problems (including hepatitis C), and that he ended up contracting COVID-19. (*Id*.) Plaintiff suggests that he provided allegations about these medical concerns. (*Id*.) The court has carefully examined the record and concludes that none of the allegations asserted in the complaint reveal any concerns relevant to *plaintiff's* medical situation, but they do generally raise concerns about COVID-19 and inadequate medical care. As a result, and in an abundance of caution, the court will depart from the magistrate judge's recommendations slightly and will grant plaintiff leave to amend.

As to plaintiff's motion for appointment of pro bono counsel, plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The court has reviewed the record in this case, and at this time the court is unable at this time to determine that plaintiff is likely to succeed on the merits of his claim. Moreover, it appears from his filings that plaintiff can adequately articulate claims. The issue with plaintiff's claim at present is not that he failed to adequately articulate it, but that he brought a claim on behalf of his cellmate. Accordingly, the court will deny plaintiff's motion for appointment of *pro bono* counsel at this time without prejudice.

Accordingly,

1. The findings and recommendations issued on March 15, 2021, (Doc. No. 11), are adopted in part;
2. Plaintiff's complaint is dismissed with leave to amend[1];
3. Plaintiff shall have forty-five (45) days from the date of this order to file any amended complaint; and
4. Plaintiff's motion for appointment of pro bono counsel, (Doc. No. 13), is denied.

IT IS SO ORDERED.

Dated: **May 10, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] Should plaintiff elect to continue to pursue this action by filing an amended complaint, he shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The Amended Complaint must bear the docket number assigned to this case and be labeled "Amended Complaint." In any amended complaint he elects to file plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's specific actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Finally, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. The amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3